1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
4
5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6813
6     FAX: (415) 436-6748
      annie.reding@usdoj.gov
7
   Attorneys for Defendants
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12
   JUNE BACON-BERCEY,              )   Case No. CV 11-4242 JSW
13                                 )
          Plaintiff,               )   **STIPULATION FOR COMPROMISE
14                                 )   SETTLEMENT AND RELEASE**;
       v.                          )   [PROPOSED] ORDER
15                                 )   **AND ORDER DISCHARGING ORDER
   COL. ROBERT J. SULLIVAN (USMC   )   TO SHOW CAUSE, DENYING AS
16 RET.) and JENNIFER L. CASTRO,   )   MOOT MOTION TO DISMISS, AND
                                   )   DIRECTING DEFENDANT TO SERVE
17        Defendants.              )   PLAINTIFF**
                                   )
18 ─────────────────────────────

19      It is hereby stipulated by and between the undersigned Plaintiff June Bacon-Bercey

20 ("Plaintiff"), in *pro se*, and the UNITED STATES OF AMERICA[1], by and through its attorneys,

   as follows:
21
        WHEREAS, Plaintiff filed the above-captioned action on July 18, 2011 in Small Claims
22
   Court, Superior Court of California, County of San Mateo, alleging that Col. Robert J. Sullivan
23
   (USMC Ret.) and Jennifer L. Castro, who are affiliated with the National Museum of the Marine
24
   Corps in Quantico, Virginia, refused to restore and return her property, an 8x10 photograph of
25

26 ──────────────────
27      [1]The only proper defendant in an Federal Tort Claims Act ("FTCA") action is the United
   States.  28 U.S.C. § 2679(a). The United States must be substituted as party defendant for Col.
28 Robert J. Sullivan (USMC Ret.) and Jennifer L. Castro.  A copy of Defendants' certification
   pursuant to 28 U.S.C. § 2675(d) is on file with the Court.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
Case No. 11-4242-JSW

1    Plaintiff in front of a John Philip Sousa exhibit, which was allegedly damaged while in their

2    possession;

3        WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and

4    to settle and compromise fully any and all claims and issues that have been raised, or could have

5    been raised in this action, which have transpired prior to the execution of this Settlement

6    Agreement ( "Agreement");

7        WHEREAS, Defendant has also assured Plaintiff that it will not use any hard copy or

8    electronic copy of Plaintiff's images, including any photographs that have been distributed to the

9    Marine Corps Band, for any purpose without her express written authorization.

10       NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement,

11   and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties

12   agree as follows:

13       1. **Agreement to Compromise Claims**.  The parties do hereby agree to settle and

14   compromise each and every claim of any kind, whether known or unknown, arising directly or

15   indirectly from the acts or omissions that gave rise to the above-captioned action under the terms

16   and conditions set forth in this Agreement.

17       2. **Definition of "United States of America."**  As used in this Agreement, the United States

18   of America shall include its current and former agents, servants, employees, and attorneys, as

19   well as United States Marine Corps, and/or its current and former agents, servants, employees,

20   and attorneys.

21       3. **Settlement Amount**.  The United States of America agrees to pay the sum of two

22   hundred and fifty-six dollars and seventy-two cents ($ 256.72) ("Settlement Amount"), and

23   provide Plaintiff with an 8x10 of Plaintiff's restored photograph, and a digital image of the

24   restored photograph burned onto a disc.  Further, Plaintiff acknowledges that Defendant has

25   returned to Plaintiff her original 8x10 photograph of her in front of a John Philip Sousa exhibit,

26   ca. 1970, and a disc containing digital images of concert programs associated with John Philip

27   Sousa. Defendant has also provided her with hard copies of those program images.  The

28   foregoing actions set forth in this Agreement shall be in full settlement and satisfaction of any

and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**.  Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount and the other terms set forth in Paragraph 3 of this Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States.

5. **Dismissal of Action**.  In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action.  The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff of the Settlement Amount and after Plaintiff has received the restored 8x10 photograph, as discussed in Paragrah10.

///

6. **No Admission of Liability**.  This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**.  It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Authority**.  The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.  Plaintiff is advised to consult an attorney regarding this Agreement.

9. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

10. **Payment by Check**.  Payment of the Settlement Amount will be made by check drawn on the Treasury of the United States for two hundred and fifty-six dollars and seventy-two cents ($ 256.72) and made payable to June Bacon-Bercey, Plaintiff.  The check will be mailed to Plaintiff at the following address: 250 Baldwin Avenue, Penthouse 901, San Mateo, CA 94401.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
Case No. 11-4242-JSW                    4

1   Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or

2   more from the date that the Court "so orders" this Agreement to process; however, Defendant

3   will provide Plaintiff with the Settlement Amount within one hundred and twenty (120) days.

4   Plaintiff has also been informed that the restored photograph will be provided to her within

5   fourteen (14) days from the date the Court "so orders" this Agreement to process.

6       11. **Tax Liability.**  If any withholding or income tax liability is imposed upon Plaintiff

7   based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any

8   such determined liability from any government agency.  Nothing in this Agreement constitutes

9   an agreement by the United States of America concerning the characterization of the Settlement

10  Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

11      12. **Construction**.  Each party hereby stipulates that it is fully aware of and understands all

12  of the terms of the Agreement and the legal consequences thereof.  The parties further stipulate

13  that counsel for Defendant has instructed Plaintiff to seek the advice of an attorney regarding the

14  terms of this Agreement.  For purposes of construction, this Agreement shall be deemed to have

15  been drafted by all parties to this Agreement and shall not, therefore, be construed against any

16  party for that reason in any subsequent dispute.

17      13. **Severability**.  If any provision of this Agreement shall be invalid, illegal, or

18  unenforceable, the validity, legality, and enforceability of the remaining provision shall not in

19  any way be affected or impaired thereby.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
Case No. 11-4242-JSW                    5

14.  **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: November ___, 2011

_____
June Bacon-Bercey
*Pro se* Plaintiff

DATED: November ___, 2011

_____
Ann Marie Reding
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
JEFFERY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

1  14. **Integration**. This instrument shall constitute the entire Agreement between the parties,
2  and it is expressly understood and agreed that the Agreement has been freely and voluntarily
3  entered into by the parties hereto. The parties further acknowledge that no warranties or
4  representations have been made on any subject other than as set forth in this Agreement. This
5  Agreement may not be altered, modified or otherwise changed in any respect except by writing,
6  duly executed by all of the parties or their authorized representatives.

7

8  DATED: November 04, 2011

_June Bacon-Bercey_
_Pro se_ Plaintiff

9

10  DATED: November 04, 2011

Ann Marie Reding
Assistant United States Attorney
Attorney for Defendant

11
12
13  PURSUANT TO STIPULATION, IT IS SO ORDERED.
14
15  Dated: November 7, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE
16
17
18  **It is FURTHER ORDERED that the Order to Show Cause issued on October**
   **20, 2011 is DISCHARGED, and Defendants' motion to dismiss is DENIED**
19  **AS MOOT (Docket No. 6).**
20  **Defendant shall serve a copy of this Order on Plaintiff.**
21
22
23
24
25
26
27
28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
Case No. 11-4242-JSW                          6